**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| DAVID P. PITTS, | |
| Plaintiff, | CIVIL ACTION<br>FILE NO.: 1:26-cv-00642 |
| v. | |
| EXPERIAN INFORMATION<br>SOLUTIONS, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Plaintiff, David P. Pitts ("Plaintiff"), by counsel, hereby files his Complaint ("Complaint") against Defendant Experian Information Solutions, Inc. ("Defendant"), as follows:

## INTRODUCTION

1.    This is an action for actual, statutory, and punitive damages, attorneys' fees, and costs, brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").

2.    Plaintiff is a "consumer" and Defendant is a consumer reporting agency as those terms are defined and otherwise described in the FCRA.

3.    Plaintiff is the victim of Defendant's inaccurate reporting of the mortgage account ending in number 5457 ("Account") he had with Nationstar Mortgage LLC ("Nationstar").  As set forth below, Defendant inaccurately reported

that Plaintiff was late on his payments for March and April 2025 on the Account. The account was serviced by Nationstar. Defendant's reporting was inaccurate on its face because Defendant reported that the Account was paid in full as of March 2025 while, at the same time, reported that the Account was late in March and April 2025. Further, when Plaintiff disputed the patently false and inaccurate information with Defendant, Defendant verified it and refused to correct it. Defendant's actions, or inactions, violated the FCRA.

4.     As set forth below, Plaintiff suffered concrete harm because of Defendant's violations of the FCRA.

## PARTIES, JURISDICTION, AND VENUE

5.     At all times material to this action, Plaintiff was a resident of the State of Alabama and this Judicial District.

6.     At all times material to this action, Defendant was a foreign corporation doing business in the State of Alabama and this District.

7.     Defendant may be served with a copy of this Complaint and accompanying Summons through its registered agent for service, to wit: CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

8.     The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

9.      Venue lies properly in this District and Division pursuant to 28 U.S.C. § 1391(b)(2).

10.     Defendant is subject to the jurisdiction of this Court.

## FACTUAL ALLEGATIONS

11.     Plaintiff is an individual and lives in Alabama.

12.     Early in 2025, Plaintiff was in the process of obtaining a VA-IRRL loan. During this process, all paperwork and payments were completed timely and correctly, and the Account was paid off through the process of obtaining the new loan.

13.     Subsequently, Defendant reported 30-day late payments for March 2025 and April 2025 on the Account to be included in Plaintiff's credit file. This was inaccurate. The payments were not late as Defendant reported.

14.     Within the two years preceding the filing of this Complaint, when Plaintiff learned that Defendant was reporting the false information about the Account in his credit reports, he made disputes with it and advised it of the inaccuracy.

15.     Upon information and belief, Defendant only contacted Nationstar in its investigation of the disputes of the Account.  Defendant did not conduct a reasonable investigation of Plaintiff's disputes.  Defendant did not review how its own records were patently false and inaccurate.

16.   Defendant violated the FCRA in its handling of Plaintiff's disputes.

17.   As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of harm to his personal and credit reputation from Defendant's reporting of the inaccurate information, harm to his credit score attributable to the false information, and emotional distress, including humiliation, anger, and embarrassment, and the time and effort to review his credit reports and make disputes concerning the false information, attributable to Defendant's violations of the FCRA as described herein.

18.   Defendant's conduct was willful, reckless, and grossly negligent.

19.   Defendant's conduct required Plaintiff to retain counsel to represent him in this matter.

### COUNT ONE:
### Defendant's Violation of the FCRA – 15 U.S.C. § 1681e(b)

20.   Plaintiff re-alleges paragraphs 1-19 as if fully restated herein and further states as follows:

21.   Defendant is subject to, and violated, 15 U. S. C. § 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report(s) it published about Plaintiff that included the inaccurate information concerning the Account.  Defendant issued a consumer report to a mortgage lender that illogically reported that the Account

was late for the March and April 2025 payments at the same time it reported that the Account was paid in full as of March 2025. This was false and misleading.

22. Defendant willfully failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer report(s) it provided about Plaintiff that included the inaccurate information concerning the account. In the alternative, Defendant's violations were negligent.

23. The conduct of Defendant was a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as described in paragraph 17 above.

24. Defendant's violations of 15 U.S.C. § 1681e(b), constitute negligent or willful noncompliance—or both—of the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as provided by 15 U.S.C. §§ 1681n, or 1681o, or both.

## COUNT TWO:
### Defendant's Violation of the FCRA – 15 U.S.C. § 1681i(a)

25. Plaintiff re-alleges paragraphs 1-24 as if fully restated herein and further states as follows:

26. At all times relevant hereto, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

27. At all times relevant hereto, Defendant was a consumer reporting agency subject to the FCRA.

28.     Defendant violated Sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies pursuant to 15 U.S.C. § 1681i(a). Defendant did not undertake reasonable investigations of Plaintiff's disputes concerning the Account and did not consider all relevant information provided with such disputes. Defendant did not consider how its own reporting was patently inaccurate on its face notwithstanding any information it may have received from Nationstar.

29.     Defendant conduct was a direct and proximate cause, as well as a substantial factor, in causing the damages and harm to Plaintiff described in Paragraph 17 above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

WHEREFORE, Plaintiff requests the following relief:

1.  that he have a jury trial on his claims herein;

2.  an award of actual damages in his favor;

3.  an award of statutory damages in his favor;

4.  an award of punitive damages in his favor;

5.  an award of his costs and reasonable attorney's fees; and,

6.  all other relief the Court deems just and proper.

Dated: August 10, 2026.                Respectfully submitted,

/s/Maurice J. Scott Sr.
Maurice J. Scott Sr.
UNITED LEGAL TEAM, LLC
3125 University Drive, STE B
Huntsville, AL 35816
Phone: (888) 457-1495
mscott@unitedlegalteam.com

John A. Love*
**LOVE CONSUMER LAW**
2500 Northwinds Parkway, Suite 330
Alpharetta, GA 30009
(tel.) (404) 855-3600
(fax) (404) 301-2300
tlove@loveconsumerlaw.com
*Pro hac vice to be filed